William SCHULER, Appellant,

v.

Earl D. FORT, et al., KWNO, Inc., Respondents.

No. C2–84–882.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Steven M. Pederson, Goldberg, Torgerson, Kellum, Wohletz, Pflughoeft & Pederson, Winona, for appellant.

William A. Lindquist, Fort, Noeska & Bruring, Winona, for Earl D. Fort, et al.

Duane M. Peterson, Peterson & Thompson, Ltd., Winona, for KWNO, Inc.

Heard, considered and decided by RANDALL, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a decision by the trial court which determined the boundaries of the parties' properties with respect to a private road. We reverse and remand for amended findings.

## FACTS

Prior to 1941 Judge Harry L. Buck was the owner of approximately eighty acres of land located in Winona County, Minnesota. In 1941 Judge Buck conveyed the south portion of that land to Donald Fort, the respondents' predecessor in interest, and in 1946 he conveyed the remainder of the land to the appellant. A road which appears to divide the parties' property runs east and west and has been continuously used by all parties to obtain access to their land. In 1978 the appellant commenced this action in ejectment, claiming that he actually owned land south of the road. Respondents Fort, Noeska and Bruring answered, claiming that the center of the road was the property line and, in the alternative, that if the appellant had actually owned fee title at one time to land south of the road, respondents had gained ownership of that land by adverse possession. Respondent KWNO radio station also answered, claiming that its precedessors had been deeded the road in 1946 by Donald Fort.

At trial the abstract was introduced into evidence, along with copies of several surveys drawn from the various deed descriptions in the abstract. From these documents and the oral evidence, the trial court arrived at its findings of fact, conclusions of law and order for judgment. The appellant claims that several of the conclusions are unsupported by the findings and the evidence.

## ISSUE

Are the trial court's conclusions of law concerning the boundary lines of the parties' property supported by the findings of fact and the evidence?

## ANALYSIS

The trial court correctly determined that in 1941 Judge Buck conveyed the south portion of his land to Donald Fort (which property was subsequently conveyed to respondents Fort, Noeska and Bruring).

The trial court next found that in 1943 Judge Buck conveyed a perpetual easement to respondent KWNO's predecessor. As the appellant notes, however, the two surveys in evidence which mark the property line of the land conveyed to Donald Fort and the easement conveyed to KWNO indicate that this easement was at least partially granted over land which Judge Buck had already conveyed to Donald Fort. On one survey the property line and the 20 foot easement appear to be the same; thus at least 10 feet of the easement would have been granted by Judge Buck over land which he no longer owned. On the other map, the easement appears quite a bit south of the property line, and entirely on Donald Fort's property. This problem, which was never noted or resolved by the trial court, is illustrative of the confusion surrounding this boundary dispute.

The trial court found that in 1946 Judge Buck conveyed his remaining land to the appellant. The court then determined that in 1946 Donald Fort conveyed to KWNO's predecessor a strip of land 20 feet in width. The problem with this finding

and the deed description is that the land conveyed by Donald Fort does not appear to have been located on his property to begin with. On both survey maps introduced into evidence this 20 foot strip lies at some distance north of Donald Fort's property line (and therefore on the appellant's property). This is particularly troublesome since the trial court subsequently concluded:

> KWNO, Inc., is the fee owner of a strip of land twenty (20) feet in width bounded by and lying south of the centerline of the aforesaid roadway as presently located, subject to the appurtenant easements of [the other parties to this lawsuit].

If Donald Fort did not own the property, he obviously could not have made a valid conveyance of this 20 foot strip of property. The trial court's conclusion is therefore erroneous.

■ As the trial court correctly found, the boundary line between the parties' properties is actually located south of the existing road. However, the trial court concluded:

> Plaintiff, William Schuler, is the fee owner of all [the contested property] * * lying to the north of the centerline of a roadway as presently located * * * subject to the appurtenant easements [of the other parties] over the aforesaid roadway as presently located.

The court based this conclusion upon a finding that respondents Fort, Noeska and Bruring had adversely possessed land north of the actual boundary line for the requisite number of years. The evidence indicated and the trial court specifically found that Donald Fort had built a fence along the road, and that respondent Fort had continuously farmed all the land south of the road. The evidence and findings do support a finding of adverse possession of the land up to the fence bordering the road; however, the trial court extended this adverse possession to encompass half of the road itself. The court entered no findings of fact which would support this conclusion.

■ Finally, there is a problem with the trial court's conclusion that KWNO owns a 20 foot strip of land bounded on the north by the center of the road, and that the other respondents own the land south of that strip of land. As indicated above, KWNO cannot own the 20 feet deeded to them by Donald Fort, since that land was not Fort's land to convey. In addition, there is no evidence nor are there findings to sustain a conclusion that KWNO adversely possessed the land south of the road. Although the trial court found that the "defendants" adversely possessed the land up to the road, because KWNO submitted no evidence at trial, it would appear that the court meant only Fort, Noeska and Bruring. However, if those respondents now own the land due to adverse possession, it is unclear how the court could also find that KWNO owned part of that same land. The court's conclusion concerning the location of the 20 foot strip (20 feet south of the centerline of the road) is also subject to dispute. Although the court concluded that this 20 foot strip lay adjacent to the center of the road, it entered no findings of fact to support that conclusion.

The above discussion indicates there are simply too many discrepancies in the trial court's findings of fact and conclusions of law to affirm the court's ultimate decision.

## DECISION

The order of the trial court which determined the boundary lines of the parties' property is reversed, and the case is remanded for amended findings in accordance with this opinion.

Reversed and remanded.